FILED-CLERK
U.S. DISTRICT COURT
05 JUL 14 AM 9:19
TX EASTERN-MARSHALL

BY________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **FORGENT NETWORKS, INC.**<br>**Plaintiff,**<br><br>**v.**<br><br>**ECHOSTAR COMMUNICATIONS CORPORATION, ECHOSTAR DBS CORPORATION, ECHOSTAR TECHNOLOGIES CORPORATION, ECHOSPHERE LIMITED LIABILITY COMPANY, DIRECTV GROUP, INC., DIRECTV, INC., DIRECTV ENTERPRISES, LLC, DIRECTV OPERATIONS, LLC, CHARTER COMMUNICATIONS, INC., COX COMMUNICATIONS, INC. COXCOM, INC., COMCAST CORPORATION, COMCAST STB SOFTWARE DVR, LLC, TIME WARNER CABLE, INC., and CABLE ONE, INC.**<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **C.A. NO.: 2-05CV-318**<br>Judge Davis<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

For its Complaint, Plaintiff Forgent Networks, Inc. states as follows:

## I.
## THE PARTIES

1. Plaintiff, Forget Networks, Inc. ("Forgent") is a corporation organized under the laws of the State of Texas with corporate headquarters located at 108 Wild Basin Drive, Austin, Texas.

2. Defendant, Echostar Communications Corporation ("EchoStar") is a Nevada corporation with a principal place of business at 5701 South Sante Fe Drive, Littleton, Colorado, 80120. Echostar may be served by serving its agent for service of process, David K. Moskowitz, 9601 South Meridian Boulevard, Englewood, Colorado 80112.

3. Defendant, EchoStar DBS Corporation ("EchoStar DBS") is a Colorado corporation, and a wholly-owned subsidiary of EchoStar. On information and belief, EchoStar DBS's principal place of business is the same as EchoStar's. On further information and belief, the agent for service of process is the same for EchoStar DBS, as identified above.

4. Defendant, EchoStar Technologies Corporation ("EchoStar Tech") is a Texas corporation, and a wholly-owned subsidiary of EchoStar DBS. On information and belief, EchoStar Tech's principal place of business is the same as EchoStar's. On further information and belief, the agent for service of process is the same for EchoStar Tech, as identified above.

5. Defendant, Echosphere Limited Liability Company ("Echosphere") is a Colorado limited liability company, and a wholly-owned subsidiary of EchoStar DBS. On information and belief, Echosphere's principal place of business is the same as EchoStar's. On further information and belief, the agent for service of process is the same for Echosphere, as identified above.

6. Defendant, Direct TV Group, Inc. ("DTV Group") is a Delaware corporation with a principal place of business at 2250 East Imperial Highway, El Segundo, California 90245. DTV Group may be served by serving its agent for service of process, CT Corporation System, having an address at 818 West Seventh Street, Los Angeles, CA 90017.

7. Defendant, Direct TV, Inc. ("DTV Inc.") is a California corporation. On information and belief, DTV's principal place of business is the same as that for DTV Group. On further information and belief, the agent for service of process is the same for DTV Group, as identified above.

8. Defendant, Direct TV Enterprises, LLC ("DTV Enterprises") is a registered Delaware limited liability company. On information and belief, DTV Enterprises' principal

place of business that is the same as DTV, Inc. DTV Enterprise may be served by serving its agent for service of process, CT Corporation System (C0168406), having an address at 818 West Seventh Street, 2nd Floor, Los Angeles, CA 90017.

9. Defendant, Direct TV Operations, LLC ("DTV Ops.") is a registered California limited liability company. On information and belief, the principal place of business for DTV Ops is the same as DTV, Inc.'s. On information and belief, the agent for service of process is the same for DTV Enterprises, as identified above.

10. Defendant, Charter Communications, Inc. ("Charter") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131. Charter may be served by serving its registered agent for service of process, CSC-Lawyers Incorporating Service Company, 221 Bolivar St., Jefferson City, MO 65101.

11. Defendant, Cox Communications, Inc. ("Cox") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319. Cox may be served by serving its registered agent for service of process, Corporation Service Company, 40 Technology Pkwy South, No. 300, Norcross, GA 30092.

12. Defendant, Coxcom, Inc. ("Coxcom") is a corporation organized under the laws of the State of Delaware. On information and belief, the principal place of business for Coxcom is the same as that for Cox. On further information and belief, the agent for service of process is the same for Cox, as identified above.

13. Defendant, Comcast Corporation ("Comcast") is a corporation organized under the laws of the State of Pennsylvania, with a principal place of business at 1500 Market Street,

Philadelphia, PA 19102. Comcast may be served by serving its registered agent for service of process, Senior Vice President, General Counsel, and Secretary, Arthur R. Block, Esq., at its principal place of business at 1500 Market Street, Philadelphia, PA 19102.

14. Defendant, Comcast STB Software DVR, LLC ("Comcast STP") is a corporation organized under the laws of the State of Pennsylvania. On information and belief, the principal place of business for Comcast STP is the same as that for Comcast. On further information and belief, the agent for service of process is the same for Comcast, as identified above.

15. Defendant, Time Warner Cable, Inc. ("Time Warner") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 7910 Crescent Executive Dr, Ste 56, Charlotte, NC 28217. Time Warner may be served by serving its registered agent for service of process, C T Corporation System, 225 Hillsborough Street, Raleigh, NC 27603.

16. Defendant, Cable One, Inc. ("Cable One") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 1314 North 3rd Street, Phoenix, AZ 85004. Cable One may be served by serving its registered agent for service of process, C T Corporation System, 3225 N. Central Ave., Phoenix, AZ 85012.

17. Collectively, EchoStar, EchoStar DBS, EchoStar Tech, Echosphere, DTV Group, DTV Inc., DTV Enterprises, DTV Ops, Charter, Cox, Coxcom, Comcast, Comcast STP, Time Warner and Cable One are referred to herein as "Defendants."

## II.
## JURISDICTION AND VENUE

18. This action arises under the patent laws of the United States, Title 35, United States Code.

19. Defendants have committed acts of infringement within this district and therefore have minimum contacts with this forum. The jurisdiction of this Court is proper under 35 U.S.C. §§ 271, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

20. Venue is proper in this district under 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(b).

## III.
## BACKGROUND

21. United States Patent No. 6,285,746 B1 ("the '746 patent") entitled "Computer Controlled Video Systems Allowing Playback During Recording," was duly and legally issued to Joe W. Duran, Michael Vayden Jenkins and William Todd Clayton, as the inventors thereof, and is valid and subsisting.

22. Duran et. al assigned their rights, title and interest to VTel Corporation.

23. VTell Corporation changed its name to Forgent Corporation, which now owns all rights, title and interest in the '746 patent.

## IV.
## PATENT INFRINGEMENT

24. Defendants have been and still are infringing the '746 patent by offering to sell and selling, and offering to lease and leasing, within the United States, digital video recording devices covered by the '746 patent. Defendants are further inducing others to infringe the '746 patent in the United States.

25. Defendants' wrongful actions were conducted without authorization or license to do so, and will continue unless enjoined by this Court.

26. On information and belief, Defendants had full and prior knowledge of the '746 patent and therefore their conduct was both willful and deliberate. Moreover, Defendants' willful actions will continue unabated unless enjoined by this Court.

## V.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Forgent prays for the following relief:

A. Defendants, their officers, directors, agents, servants, employees and attorneys, and those persons and entities in active concert or participation with them, be permanently enjoined from making, using, selling, leasing or offering to sell or lease the infringing devices;

B. Forgent recover damages from Defendants resulting from Defendants' infringement and that said damages be enhanced in view of Defendants' willful and wanton conduct.

C. Forgent recover interest and costs pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285; and

D. Forgent have such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Date: 7/14/05

Gregory M. Luck
Michael T. McLemore
Thomas W. Sankey
GODWIN GRUBER LLP
5 Houston Center
1401 McKinney Street, Suite 2700
(713) 425-7400 - Telephone
(713) 425-7700 - Facsimile

Carl R. Roth
The Roth Law Firm, P.C.
115 North Wellington, Suite 200
P. O. Box 876
Marshall, Texas 75671
Telephone: (903) 935-1664
Facsimile: (903) 935-1797

COUNSEL FOR PLAINTIFF
FORGENT NETWORKS, INC.

**JURY DEMAND**

Plaintiff herein makes a demand for a jury on all issues triable to a jury.

Respectfully submitted,

Date: 7/14/05

Gregory M. Luck
Michael T. McLemore
Thomas W. Sankey
GODWIN GRUBER LLP
5 Houston Center
1401 McKinney Street, Suite 2700
(713) 425-7400 - Telephone
(713) 425-7700 - Facsimile

Carl R. Roth
The Roth Law Firm, P.C.
115 North Wellington, Suite 200
P. O. Box 876
Marshall, Texas 75671
Telephone: (903) 935-1664
Facsimile: (903) 935-1797

COUNSEL FOR PLAINTIFF
FORGENT NETWORKS, INC.